Pursuant to Mass.R.Civ.P. 64(a), as amended, 423 Mass. 1403 (1996), a Housing Court judge reported his August 31, 2015, interlocutory order (order) for review and determination whether the Housing Court has subject matter jurisdiction to resolve a church property dispute between two factions of the Beulah Pilgrim Holiness Church (church). In the order, the judge concluded that the court had jurisdiction to determine the ultimate issue in a summary process action that Terrance Davis, acting as a purported agent of the church, brought against four of its tenants.[3] We answer the reported order in the affirmative and remand for further proceedings.
Civil courts may resolve disputes over church property by applying neutral principles of law and avoiding entanglement in religious doctrine, polity, and practice. Jones v. Wolf, 443 U.S. 595, 602 (1979). "The State has an obvious and legitimate interest in the peaceful resolution of property disputes, and in providing a civil forum where the ownership of church property can be determined conclusively." Ibid. Courts have jurisdiction to resolve property disputes within congregational churches, such as here, in a similar way as "hierarchical churches-by inquiring into the allocation of authority within the church and according deference to the decisions of its highest authority-the only difference being that a more thorough inquiry may be needed to identify organizational authority in a congregational church." Wooten v. Crayton, 66 Mass. App. Ct. 187, 197 (2006), citing Callahan v. FirstCongregational Church of Haverhill, 441 Mass. 699, 708 (2004).
To the extent that the judge is able for summary judgment purposes to determine whether the manual or the by-laws govern the control and management of the church's properties using neutral principles of law, without becoming entangled in matters of religious doctrine, we conclude that the Housing Court has subject matter jurisdiction to do so. The scope of the judge's inquiry may include any relevant statutes, the deeds to the properties in question, and the manual and by-laws at issue. Fortin v. Roman Catholic Bishop of Worcester, 416 Mass. 781, 786 (1994). The Housing Court may not, however, "take sides" on the ecclesiastical matter of which document generally controls the church and its congregants. Wooten v. Crayton, supra at 195. However where, as the judge concluded in the order here, his inquiry will not "intrude into the religious beliefs and practices of the church," it avoids such prohibited entanglement.
Once the judge makes this initial determination, neutral principles of law can be applied to determine who, under the controlling document, may properly act as the church's agent to pursue summary judgment and obtain possession of the properties. At oral argument, counsel for the church conceded that the manual contains nothing that would require the judge to conduct a religious evaluation and stated that he "honestly d[id] not know" whether the by-laws contain any ecclesiastical doctrine that would call for such an evaluation. Church by-laws, however, are considered "a contract between the church and its members, and are interpreted according to principles of contract law." General Convention of the New Jerusalem in the United States of America, Inc. v. MacKenzie, 449 Mass. 832, 835 (2007).
We remand the matter to the Housing Court for further proceedings consistent with this memorandum and order.[4]
So ordered.
Remanded.

The church brought two summary process complaints: the first against Anita Christmas and Andrea Christmas on December 23, 2013, and the second against Frances and Otto on September 1, 2014. The two summary process actions were consolidated.

In its brief, the church also raises res judicata as an issue, based on a Superior Court judge's decision in an unrelated case between the church and Davis. That issue was not part of the reported order, and therefore, is not properly before us.